UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARISSA SCHUSTER,<br><br>  Petitioner,<br><br>  v.<br><br>DEBORAH K. JOHNSON,<br><br>  Respondent. | Case No.: 1:12-cv-01482-AWI-SAB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>(ECF No. 15) |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the Central California Women's Facility following her conviction of first degree murder of her husband, which was carried out for financial gain. Petitioner is serving an indeterminate state prison term of life without the possibility of parole.

On February 28, 2011, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. On June 8, 2011, the California Supreme Court denied review.

Petitioner did not file any state post-conviction collateral petitions.

///

///

///

Petitioner filed the instant federal petition for writ of habeas corpus on September 7, 2012. Respondent filed a motion to dismiss the petition as untimely on December 14, 2012. Petitioner filed an opposition on January 4, 2013, and Respondent filed a reply on April 8, 2013.

## II.

## DISCUSSION

### A.    Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. § 2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B.    Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed on September 7, 2012, and thus, it is subject to the provisions of the AEDPA.

///

///

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, on June 8, 2011, the California Supreme Court denied review. The time to seek direct review ended on September 6, 2011, when the ninety-day period to file a petition for writ of certiorari with the United States Supreme Court expired. The one-year limitations period commenced running the following day—September 7, 2011, and absent tolling, was set to expire on September 6, 2012. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

**C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

Title 28, United States Code, Section 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a

3

1 petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals
2 between one state court's disposition of a habeas petition and the filing of a habeas petition at the next
3 level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003,
4 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll
5 the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-
6 conviction petition was timely or was filed within a reasonable time under state law. Pace v.
7 DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely
8 or determined by the federal courts to have been untimely in state court will not satisfy the
9 requirements for statutory tolling. Id.

10    In this instance, Petitioner did not file any state collateral actions within the limitations period,
11 therefore, no tolling is available, and absent equitable tolling, the petition filed on September 7, 2012,
12 is untimely.

13    **D.    Equitable Tolling**

14    Petitioner concedes that the instant petition was filed one day beyond the one-year limitations
15 period, and argues she is entitled to equitable tolling on the basis that non-profit organization retained
16 by Petitioner caused the late filing.

17    The AEDPA's limitations period is subject to equitable tolling if the petitioner
18 demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary
19 circumstance stood in his way." Holland v. Florida, 130 S.Ct. 2549, 2562 (2010); Pace v.
20 DiGuglielmo, 544 U.S. 408, 418 (2005). The extraordinary circumstance must have caused the
21 untimely filing. Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citing Spitsyn v. Moore, 345 F.3d
22 796, 799 (9th Cir. 2003)). Petitioner bears the burden of alleging facts that would give rise to tolling.
23 Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d
24 391, 395 (9th Cir.1993).

25    Petitioner submits that she initially retained a San Diego, California non-profit organization to
26 assist with the filing of her federal petition. (Pet'r's Opp'n, Decl. of Roger T. Nuttall ("Nuttall
27 Decl."), at ¶ 6.) Petitioner argues the untimely filing was caused by the misrepresentation of the filing
28

4

deadline by the non-profit organization.[1]  Petitioner's counsel, Roger T. Nuttall, submits that he agreed to assist the organization in the actual filing of the instant petition, but was to have no other involvement in the case.  (Id. at ¶ 7.)  Counsel admits that he received a copy of the federal petition on the afternoon of September 6, 2012 (the date the petition was due), which had formatting problems and there was no reference to the non-profit organization.  (Pet'r's Opp'n, Decl. of Natalie Nuttall, at ¶¶ 4-5.)  Natalie Nuttall, an associate at Mr. Nuttall's law office, called Ms. Krakovsky (counsel at the organization who agreed to prepare the petition) who indicated that she could not have her name on the caption because the organization had not provided her with malpractice insurance and there was a disagreement between herself and the organization and she would likely not be working for the organization much longer.  (Id. at ¶ 6.)  A call was then made to Susan Carter, Executive Director of the organization, however, the number was disconnected.  Natalie Nuttall then telephoned Ms. Carter's cell phone and left a message on her voice mail.  (Id. at ¶ 7.)  Ms. Carter never returned the phone call and there was no further assistance from the organization.  (Id.)  Mr. Nuttall indicates he reluctantly signed his name as attorney of record and filed the petition.  (Nuttall Decl. at ¶¶ 8-9; Natalie Nuttall Decl. at ¶¶ 3, 8.)

Mr. Nuttall submits that his office believed, based upon the representations made by the organization's attorneys, that the last day to file the instant petition was Friday, September 7, 2012.  Nuttall submits that his office and the organization agreed that the organization would substitute as counsel of record as soon as possible.  (Nuttall Decl. at ¶ 13; Natalie Nuttall Decl. at ¶ 8.)  To date, there has been no substitution and Nuttall remains as counsel of record in this action.  Nuttall submits that it is unknown whether Ms. Krakovsky is still associated with the organization.  However, Ms. Carter represented recently that she is actively searching for an attorney in Northern or Southern California who will agree to act as counsel of record because the organization has determined that it will no longer provide assistance in litigating federal habeas corpus petitions.  (Natalie Nuttall Decl. at ¶ 12.)

---

[1] Petitioner argues the organization miscalculated the filing deadline by two days and erroneously concluded the instant petition was due on or before September 8, 2012.  Current counsel believed that because September 8, 2012 was a Saturday, the petition was due the preceding Friday, September 7, 2012.  This mistake is insignificant because the last day to file the petition was Thursday, September 6, 2012.

Counsel argues the organization's actions constitute extraordinary circumstances justifying equitable tolling. The Court does not agree. Where a petitioner claims that the untimeliness was caused by the actions of an attorney, the petitioner must show "attorney misconduct that is sufficiently egregious to meet the extraordinary misconduct standard." Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010). Attorney negligence and miscalculation of the limitations deadline does not constitute extraordinary circumstances warranting equitable tolling. See Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007) ("[a]ttorney miscalculation simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"); Miranda v. Castro, 292 F.3d 1063, 1067 (9th Cir. 2002) (attorney's miscalculation of limitations period did not constitute extraordinary circumstances); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (holding that an attorney's general negligence and miscalculation of limitations deadline did not constitute extraordinary circumstances that warranted equitable tolling in a non-capital habeas case).

Petitioner argues the conduct of the organization's attorneys resulted in more than a "garden variety claim" of professional negligence as was present in Holland v. Florida, 130 S.Ct. 2549. In Holland, equitable tolling was granted after the petitioner repeatedly asked his attorney to file his federal petition in a timely manner, wrote several letters to the state bar indicating that his attorney had abandoned him, and that the attorney had grossly miscalculated the limitations deadline. Id. at 2564. Here, neither the organization nor current counsel acted deceptively and a two-day miscalculation is not an egregious error. Rather, the miscalculation is preciously the type of garden-variety mistake for which no equitable tolling is warranted.

Petitioner also relies on Dillon v. Conway, 642 F.3d 358 (2d Cir. 2011) and argues equitable tolling may be warranted if an attorney's errors involve more than a simple miscalculation. However, Dillon is distinguishable from the facts present in this action. In Dillon, the attorney affirmatively and knowingly mislead his client by promising not to wait until the last day of the limitations period to file the petition. 642 F.3d at 364. Here, Petitioner was never deceived by the organization or present counsel as to when the petition would be filed. Rather, the organization miscalculated the filing deadline and present counsel did not remedy the error. Thus, because there was no willful or knowing deception by any counsel the holding in Dillon is distinguishable.

1          The organization was not diligent in attempting to file the instant petition in a timely manner.
2   The diligence prong set forth in Pace requires the petitioner to demonstrate that he/she engaged in
3   reasonably diligent efforts to file the § 2254 petition throughout the time of the limitations period.
4   Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006).  It must also be shown that "the extraordinary
5   circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it
6   impossible to file a petition on time."  Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (internal
7   quotations and citations omitted).
8          As Petitioner acknowledges, the organization was retained sometime in October 2011. (Supp.
9   to Pet'r's Opp'n, Decl. of Susan Carter, at 2, ¶ 2.)  The organization did not begin to investigate the
10  case until April 2012.  (Id. at ¶ 7.)  In fact, the case was not even assigned to an attorney until April
11  2012 and no work was done for two months thereafter.  (Id. at 4, ¶ 13.)  This lengthy delay does not
12  demonstrate diligence, particularly given that federal habeas corpus review is limited to federal claims
13  that have previously been exhausted in the state courts and is governed by a one-year limitation
14  period.  28 U.S.C. §§ 2244(d)(1); 2254, ; Cullen v. Pinholster, 563 U.S. __, 131 S.Ct. 1388, 1398
15  (2011) (review in federal court is limited to the record that was before the state court).  Accordingly,
16  the record refutes any claim that the organization was diligent in pursuing relief by way of § 2254.
17         Petitioner also cites Maples v. Thomas, 132 S.Ct. 912, 924 (2012) and argues she was
18  effectively abandoned when the organization indicated that it could not file the petition and the errors
19  should not be attributed to her.  Not so here.  The organization drafted the federal petition, albeit with
20  some formatting and typographical errors, and forwarded the petition to current counsel for filing.
21  There was no period of time when Petitioner was not being assisted by counsel.  See e.g., Moorman v.
22  Schriro, 672 F.3d 644, 647 (9th Cir. 2012) (finding petitioner was not abandoned by counsel within
23  the meaning of Maples because he was "always represented by active counsel.").  Indeed, Petitioner
24  acknowledges that she was kept in continual contact with the organization through the time of filing.
25  (Nuttall Decl. at ¶ 6.)  Thus, this case is also distinguishable from Maples where, the attorneys
26  abandoned the petitioner without his knowledge, there was no active meaningful representation, and
27  the court's docket reflected the petitioner's former counsel who was receiving notice of filings
28  effectively leaving the petitioner without the opportunity to appear pro se.  Maples, 132 S.Ct. at 924-

927.

Congress established habeas corpus deadlines to hear petitions in a timely and efficient manner.  The judiciary must respect those limitations.  While equitable tolling is a well-established and recognized rule of law created by the courts, as the cases above show, it is one that is rarely exercised and exercised with a  respect for Congress' intent.  The situation here, while only one day, is one day still beyond a deadline imposed by the law.  Mere negligence is not sufficient for this court to exercise equitable tolling.  To recognize equitable tolling for mere negligence would ignore that clear intent.

### E.     Evidentiary Hearing

In the alternative, Petitioner requests an evidentiary hearing.  (Pet'r's Opp'n at 10.)   There is no basis for the Court to conduct an evidentiary hearing.

> With regard to deadlines and statute of limitations, the Supreme Court has acknowledged: If 1-day late filings are acceptable, 10-day later filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it.  Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content the deadline must be enforced.

United States v. Locke, 471 U.S. 84, 101 (1985).

Because the Court has found that the evidence submitted by Petitioner does not justify equitable tolling, an evidentiary hearing is unnecessary.  See Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) ("A habeas petitioner  . . .  should receive an evidentiary hearing when [she] makes "a good-faith allegation that would, if true, entitle [her] to equitable tolling.'" (quoting Laws v. Lamarque, 351 F.3d 919, 919 (9th Cir. 2003).  It is undisputed that current counsel received the federal petition timely on September 6, 2012, but both former and current counsel miscalculated the filing deadline.  The fact that the instant petition is untimely by one day is of no consequence as Petitioner had an entire year from the finality of her conviction in state court to file the instant petition. Retained counsel delayed and made the simple mistake of miscalculating the filing deadline which resulted in the late filing.  As previously stated, such simple negligence is not the type of "extraordinary circumstance" to warrant equitable tolling.  Lawrence v. Florida, 127 S.Ct. 1085.

Accordingly, there is no basis for an evidentiary hearing and Respondent's motion to dismiss should be granted on the ground that the instant petition for writ of habeas corpus was filed beyond the one-year statute of limitations.

## III.

## RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition for writ of habeas corpus be GRANTED; and

2. The instant petition for writ of habeas corpus be DISMISSED with prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 17, 2013**

UNITED STATES MAGISTRATE JUDGE