**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARISSA SCHUSTER,<br><br>    Petitioner,<br><br>v.<br><br>DEBORAH K. JOHNSON,<br><br>    Respondent. | Case No.: 1:12-cv-01482-AWI-SAB (HC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATION AND REFERRING MATTER BACK TO THE MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS<br><br>(ECF No. 30) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 17, 2013, the Magistrate Judge issued Findings and Recommendation ("F&R") that the Motion to Dismiss be GRANTED.  This Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On June 14, 2013, Petitioner filed timely objections to the F&R.  Respondent filed a response to the objections on August 6, 2013, and Petitioner filed a reply on August 19, 2013.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a de novo review of the case.  Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the F&R is generally supported by the record and proper analysis.  It appears that multiple attorneys worked on Petitioner's petition.  FIA ensured that the petition was filed within the calculated time period, albeit a miscalculated period.  As the Magistrate Judge indicated, the petition was ultimately untimely based on a miscalculation of the filing deadline, and a miscalculation does not constitute extraordinary circumstances for purposes of equitable tolling.  See Lawrence v.

1

1 Florida, 549 U.S. 327, 336-37 (2007); Miranda v. Castro, 292 F.3d 1063, 1068 (9th Cir. 2002); Frye v.
2 Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).

3   As part of the objections, Petitioner requests that the matter be reassigned to the Magistrate
4 Judge for further briefing on two issues:  (1) actual innocence under *McQuiggin v. Perkins*, 133 S.Ct.
5 1924 (2013); and (2) additional facts demonstrating extraordinary circumstances.  With respect to
6 *McQuiggin*, that case was decided after the Magistrate Judge issued the F&R.  If Petitioner believes
7 that *McQuiggin* has some bearing on the timeliness of the petition, the Court will permit the parties to
8 brief the issue.  The Court will refer the matter back to the Magistrate Judge in order to set a briefing
9 schedule with respect to *McQuiggin*, and to issue an F&R regarding the application of *McGuiggin* to
10 this case.

11   With respect to additional facts, Petitioner's counsel states that in the course of reviewing the
12 F&R, she noticed that the Magistrate Judge did not consider some of the facts.  However, these facts
13 that allegedly were not considered by the Magistrate Judge have not been specifically identified.
14 Petitioner's objections list a number of facts, but the facts appear to have been taken from documents
15 that pre-date the F&R.  Simply because a particular fact is not addressed in an F&R does not mean that
16 the Magistrate Judge failed to consider it.  Petitioner has not shown what facts the Magistrate Judge
17 failed to consider, so the Court will not order briefing on the issue.  Nevertheless, if the Magistrate
18 Judge believes that relevant facts were not adequately considered in the F&R, then as part of the
19 findings and recommendation regarding *McQuiggin*, the Magistrate Judge may issue amended
20 findings regarding equitable tolling.

21   After reviewing the objections, the Court will adopt the analysis of the F&R.  However,
22 because *McQuiggin* was decided after the F&R was issued, the Court will not dismiss the case at this
23 time, but will permit the parties to brief the application of *McQuiggin*.  If, after further consideration,
24 Petitioner decides that she does not wish to file briefing regarding *McQuiggin*, then she shall so inform
25 the Court.  The Court at that time will then grant the motion to dismiss, close the case, and determine
26 whether to issue a certificate of appealability with respect to tolling.

27
28

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued May 17, 2013, is ADOPTED IN PART as discussed above;

2. The Court will not finally rule on Defendant's motion to dismiss at this time;

3. This matter is REFERRED back to the Magistrate Judge in order to set a briefing schedule and issue a findings and recommendation on the application of *McQuiggin*; and

4. If Petitioner decides that she does not wish to pursue any issues relating to *McQuiggin*, then she shall inform the Court by filing a notice to that effect in the docket, and the Court will then grant Defendant's motion to dismiss and decide whether to issue a certificate of appealability at that time.

IT IS SO ORDERED.

Dated:   February 18, 2015

SENIOR DISTRICT JUDGE

3