# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| LARISSA SCHUSTER, | Case No. 1:12-cv-01482-AWI-SAB-HC |
|---|---|
| Petitioner, | ORDER GRANTING PETITIONER'S COUNSEL'S MOTION TO WITHDRAW AS COUNSEL, GRANTING PETITIONER'S MOTION TO APPOINT COUNSEL, AND GRANTING PETITIONER'S REQUEST TO BRIEF LUNA V. KERNAN (ECF No. 40) |
| v. | |
| DEBORAH K. JOHNSON, | |
| Respondent. | |
| | ORDER SETTING BRIEFING SCHEDULE |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On May 17, 2013, the Magistrate Judge issued a Findings and Recommendation that Respondent's motion to dismiss be granted. (ECF No. 30). On February 20, 2015, the District Judge issued an order adopting the Magistrate Judge's analysis in the Findings and Recommendation. (ECF No. 36). However, because McQuiggin v. Perkins, 133 S.Ct. 1924 (2013), was decided after the Findings and Recommendation was issued, the District Judge has permitted the parties to brief the application of McQuiggin to the instant case. The District Judge referred the matter back to the undersigned for briefing with respect to McQuiggin, and for the undersigned to issue a Findings and Recommendation regarding the application of

1

McQuiggin to this case. The District Judge also indicated that if the undersigned believes that relevant facts were not adequately considered in the Findings and Recommendation, then as part of the undersigned's Findings and Recommendation regarding McQuiggin, the undersigned may issue amended findings regarding equitable tolling.

On February 24, 2015, the undersigned set a briefing schedule. (ECF No. 37 at 2). On May 8, 2015, Petitioner's counsel moved to withdraw as attorney of record. (ECF No. 40). Petitioner also asked the Court to appoint counsel and for the opportunity to brief additional issues in light of Luna v. Kernan, 784 F.3d 60 (9th Cir. 2015). (ECF No. 40). On June 3, 2015, the Court vacated the hearing date and took the matter under submission. (ECF No. 42).

## II.

## DISCUSSION

### A. Motion to Withdraw as Counsel

Pursuant to Local Rule 182(d), counsel may not "withdraw leaving the client in propria persona without leave of Court upon noticed motion and written notice to the client and all other parties who have appeared. Counsel is required to provide an affidavit stating that the current or last known address or addresses of the client and efforts made to notify the client of the motion to withdraw."

Here, Mr. Nuttall has notified all parties of the motion to withdraw and has provided the Court with an affidavit of Petitioner's current address. (ECF No. 40 at 7). Therefore, Mr. Nuttall has complied with Local Rule 182(d). In addition, Respondent takes no position with respect to Petitioner's counsel's request to withdraw as attorney of record. (ECF No. 43 at 3). Therefore, the Court will grant Mr. Nuttall's motion to withdraw as Petitioner's attorney.

### B. Petitioner's Motion to Allow Additional Briefing

Petitioner requests the opportunity to brief the issue of equitable tolling in the present case based upon the Ninth Circuit's recent holding in Luna v. Kernan, 784 F.3d 640 (9th Cir. 2015). (ECF No. 40 at 2, 4-6). As the parties are going to submit briefing on whether McQuiggin has some bearing on the timeliness of the petition, the Court will permit the parties to also brief whether Luna has some bearing on the timeliness of the petition.

**C. Motion to Appoint Counsel**

Petitioner requests the appointment of counsel because she is indigent, the legal issues are complex, and she does not have legal training. (ECF No. 40 at 4). There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18, United States Code, Section 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. The court should only appoint counsel under "exceptional circumstances" and after evaluating the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

In the present case, the Court has reviewed the record and finds that the interests of justice would be served by appointment of counsel at this time due to Petitioner's indigency and lack of legal training and given the complexity of the issues involved with respect to Petitioner's briefing on whether McQuiggin and Luna have some bearing on the timeliness of the petition. Therefore, in the interests of justice, the Court grants Petitioner's motion for appointment of counsel. Pursuant to General Order No. 186 of the Eastern District of California, which is the amended Federal Defender Plan for the Eastern District of California, the matter will be referred to the Federal Defender's Office to find Petitioner counsel.

## III.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Mr. Nuttall's motion to withdraw as Petitioner's counsel is GRANTED;

2. Petitioner's motion to appoint counsel is GRANTED;

3. The matter is hereby referred to the Federal Defender's Office to find counsel for Petitioner;

4. The Clerk of Court is directed to serve a copy of this Order on Assistant Federal Defender David Porter, Assistant Federal Defender Peggy Sasso, and Fresno panel

administrator Connie Garcia of the Federal Defender's Office;

5. Appointed counsel shall file a notice of appearance with this Court within **fourteen (14)** days from the date of service of this order and counsel shall contact the Clerk's Office to make arrangements for copies of any relevant documents;

6. Petitioner's motion to allow additional briefing regarding the application of Luna is GRANTED;

7. Petitioner's counsel shall file a brief regarding the application of McQuiggin and Luna within **sixty (60)** days of the date of service of this order;

8. Respondent shall file a response to Petitioner's brief regarding the application of McQuiggin and Luna within **thirty (30)** days of the date Petitioner's brief is filed with the Court; and

9. Petitioner may file a reply to Respondent's response brief within **(14) days** after Respondent's response is served.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 230(l). All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated:   **June 26, 2015**

UNITED STATES MAGISTRATE JUDGE