# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARISSA SCHUSTER,<br><br>    Petitioner,<br><br>    v.<br><br>DEBORAH K. JOHNSON,<br><br>    Respondent. | Case No. 1:12-cv-01482-AWI-SAB-HC<br><br>ORDER GRANTING PETITIONER'S REQUEST FOR WAIVER OF FEES ON APPEAL<br><br>ORDER GRANTING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY<br><br>(ECF Nos. 61, 62) |

Petitioner Larissa Schuster is a state prisoner, represented by court-appointed counsel, proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 28, 2016, the Court adopted the Magistrate Judge's Amended Findings and Recommendation and dismissed the petition. (ECF No. 59). On March 30, 2016, Petitioner filed a notice of appeal and requested that the Court issue a certificate of appealability. (ECF No. 61). Petitioner also requested that counsel continue to be appointed on appeal and that any filing fees be waived due to her indigent status. (ECF Nos. 61, 62).

**A. Request for Waiver of Fees on Appeal**

Counsel was appointed for Petitioner in this matter pursuant to 18 U.S.C. § 3006A(a)(2)(B) based on the interests of justice and Petitioner's indigency. (ECF No. 45). 18 U.S.C. § 3006A(d)(7) provides that a person for whom counsel has been appointed under § 3006A may file an appeal "without prepayment of fees and costs or security therefore, and wihtou filing the affidavit required by § 1915(a) of Title 28." Pursuant to § 3006A(d)(7), Petitioner is entitled to appeal without prepayment of fees and costs. Petitioner's request for a waiver of fees will be granted.

**B. Certificate of Appealability**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the petitioner shows "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This inquiry "has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484–85.

In the present case, the Court finds that reasonable jurists would find it debateable

2

whether the petition states a valid claim of the denial of a constitutional right. The Court also finds that reasonable jurists would find it debateable whether the petition should be dismissed as untimely. Therefore, the Court will grant Petitioner's request for a certificate of appealability on the following issue: whether some extraordinary circumstance prevented Petitioner from timely filing her federal habeas petition such that equitable tolling is warranted.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for a waiver of fees on appeal is GRANTED; and
2. Petitioner's request for a certificate of appealability is GRANTED on the issue of whether some extraordinary circumstance prevented Petitioner from timely filing her federal habeas petition such that equitable tolling is warranted.

IT IS SO ORDERED.

Dated:   April 5, 2016                              _____
                                                                    SENIOR  DISTRICT  JUDGE