# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARISSA SCHUSTER,<br><br>    Petitioner,<br><br>v.<br><br>JANEL ESPINOZA,[1]<br><br>    Respondent. | Case No. 1:12-cv-01482-AWI-SAB-HC<br><br>ORDER GRANTING MOTION FOR ORDER DIRECTING RESPONDENT TO PROCESS ATTORNEY AUTHORIZATION FORM<br><br>(ECF No. 85) |

**I.**

**BACKGROUND**

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court previously dismissed the petition as untimely. (ECF No. 59). The Ninth Circuit reversed the judgment, and the case was remanded for further proceedings. (ECF Nos. 67, 70). On July 10, 2017, the Court appointed the Office of the Federal Defender as Petitioner's attorney of record. (ECF No. 75). On September 26, 2017, the Court modified the briefing schedule to allow counsel to determine whether it is in Petitioner's best interest to file an amended petition or to proceed with the petition currently on file. (ECF No. 83).

---

[1] Janel Espinoza has been the Acting Warden of the California Central Women's Facility since July 2017. Facility Overview Central California Women's Facility (CCWF), California Department of Corrections and Rehabilitation, http://www.cdcr.ca.gov/Facilities_Locator/CCWF.html (last visited Dec. 7, 2017). Accordingly, Janel Espinoza is automatically substituted as Respondent in this matter pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

1       On November 8, 2017, Petitioner filed the instant motion, requesting a court order directing Respondent to process the attorney authorization form to permit Petitioner to be interviewed by an investigator of the Federal Defender Office without requiring the investigator to disclose her Social Security number. (ECF No. 85). Respondent has filed an opposition, arguing that this Court lacks jurisdiction in a habeas proceeding to grant Petitioner's request for relief. (ECF No. 89). Petitioner has filed a reply. (ECF No. 90). On December 6, 2017, the Court held a hearing on the motion. (ECF No. 91).

## II.
## DISCUSSION

### A. Statement of Facts

At the hearing, counsel for Respondent submitted that Respondent's sole argument in opposition to the motion is that the Court lacks jurisdiction to grant the requested relief in a habeas corpus proceeding. Accordingly, the Court takes the following unrefuted representations as true.

On October 23, 2017, Petitioner's counsel submitted an attorney authorization form and a declaration, signed by counsel on office letterhead, so that an investigator of the Federal Defender Office could be authorized to interview Petitioner. (ECF No. 85 at 2).[2] The Warden's representative responded that the investigator's Social Security number was required to run a background check. Petitioner's counsel informed the representative that the investigator did not want to disclose her Social Security number due to a previous incident at another California state prison where, after the investigator disclosed her Social Security number, it was widely circulated. Although the investigator requested that the background check be based on her driver's license number, which had been provided, the Warden's representative insisted that the Social Security number was required to run her clearance. (ECF No. 85 at 3).

### B. Analysis

In the opposition, Respondent argues that Petitioner cannot request "this Court to review Respondent's security procedures, find them improper, and issue injunctive relief" in a habeas

---
[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

2

corpus proceeding. (ECF No. 89 at 2). Respondent contends that Petitioner's claim regarding the visitor security clearance procedures is not cognizable in habeas because it does not challenge the validity of Petitioner's confinement or affect the duration of Petitioner's custody. (Id.). However, Respondent misconstrues the issue at hand, which is not a direct claim for habeas relief. Rather, Petitioner is requesting the Court for an order to allow Petitioner to be interviewed by her counsel's investigator in aid of her habeas petition.

The All Writs Act provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The All Writs Act has served "as a 'legislatively approved source of procedural instruments designed to achieve 'the rational ends of law,'" and extends to habeas corpus proceedings. Harris v. Nelson, 394 U.S. 286, 299, 300 (1969) (quoting Price v. Johnston, 334 U.S. 266, 282 (1948)).

In Harris, the Supreme Court held that the district court had authority under the All Writs Act to compel the respondent warden to answer a series of interrogatories in a habeas proceeding. 394 U.S. at 289–90. Harris included sweeping language regarding the authority of a federal habeas court under § 1651.

> [T]he habeas corpus jurisdiction and the duty to exercise it being present, the courts may fashion appropriate modes of procedure, by analogy to existing rules or otherwise in conformity with judicial usage. Where their duties require it, this is the inescapable obligation of the courts. Their authority is expressly confirmed in the All Writs Act, 28 U.S.C. § 1651.

Harris, 394 U.S. at 299. The Supreme Court has interpreted the Act broadly, recognizing that authority under § 1651 "is not limited to issuing a writ . . . only when it finds that it is 'necessary' in the sense that the court could not otherwise physically discharge its . . . duties," Adams v. United States ex rel. McCann, 317 U.S. 269, 273 (1942), and noting that an "attempt to draw a distinction between orders in aid of a court's own duties and jurisdiction and orders designed to better enable a party to effectuate his rights and duties is specious." United States v. N.Y. Tel. Co., 434 U.S. 159, 175 n.23 (1977).

In the instant case, there is nothing in the record before this Court regarding why the investigator's Social Security number was required to run the background check or why the

driver's license number was insufficient for the security clearance. It is undisputed that the investigator's Social Security number was widely circulated after she previously disclosed it to another California state prison. Further, this proceeding is particularly complex given the gravity of Petitioner's special circumstances murder conviction, the severity of her life without the possibility of parole sentence, and the voluminous 25,000-page state record. Therefore, *based on the specific facts of this case*, the Court will exercise its discretion under 28 U.S.C. § 1651 and order Respondent to process the attorney authorization form to permit the Federal Defender Office's investigator to interview Petitioner without requiring disclosure of the investigator's Social Security number. The Court finds that such relief is warranted in order to better enable Petitioner to effectuate her rights, allow counsel to effectively discharge his duties, and assist this Court to "dispose of the matter as law and justice require," 28 U.S.C. § 2243.

The Court emphasizes that its decision does not rest on a determination that Respondent's visitor security clearance procedures are unlawful or in violation of the Section 7(a)(1) of the Privacy Act, 5 U.S.C. § 552a (note). Additionally, although Respondent's counsel has expressed concern that a decision in favor of Petitioner in this instance would result in all manner of conditions of confinement claims to be heard in habeas proceedings, the Court finds such apprehension to be unwarranted. This decision is limited to the specific facts of this case, which involves *inter alia* an investigator employed by the Office of the Federal Defender, acting on behalf of Petitioner's counsel, who is unable to interview Petitioner in aid of her habeas petition.

The Court recognizes, however, the valid concerns of Respondent regarding security at the prison. Thus, in the event that Respondent is unable to run a background check with the investigator's date of birth and driver's license number, the Court may revisit this issue and amend the order to address any security concerns.[3] The Court is only ordering that the application be processed and that if there is an issue as to actual clearance and/or entry into the prison facility that then the matter can be re-raised before the Court if the parties are in dispute.

///

---

[3] At the hearing, Petitioner's counsel stated that the investigator would be amenable to disclosing the last four digits of her Social Security number if the Warden represented that such information was necessary for security purposes.

## III.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion (ECF No. 85) is GRANTED;
2. Respondent is DIRECTED to process the attorney authorization form to permit Petitioner to be interviewed by the Federal Defender Office's investigator without requiring disclosure of the investigator's Social Security number; and
3. The Clerk of Court is DIRECTED to amend the caption in this matter to reflect the name of Janel Espinoza, Acting Warden, Central California Women's Facility, as Respondent.

IT IS SO ORDERED.

Dated: **December 7, 2017**

UNITED STATES MAGISTRATE JUDGE