# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARISSA SCHUSTER,<br><br>Petitioner,<br><br>v.<br><br>JANEL ESPINOZA,<br><br>Respondent. | Case No. 1:12-cv-01482-AWI-SAB-HC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 95) |

Petitioner, represented by counsel, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The Court appointed the Office of the Federal Defender as Petitioner's attorney of record, (ECF No. 75), and on September 26, 2017, the Court modified the briefing schedule to allow counsel to determine whether it is in Petitioner's best interest to file an amended petition or to proceed with the petition currently on file. (ECF No. 83). On November 8, 2017, Petitioner moved for a court order directing Respondent to process an attorney authorization form (the "Form") to permit Petitioner to be interviewed by counsel's investigator without requiring the investigator to disclose her Social Security number on the Form. (ECF No. 85). Petitioner's counsel declared that "in order to effectively represent Ms. Schuster, an investigator of [the Office of the Federal Defender] must interview her personally." (ECF No. 85 at 2). The Magistrate Judge conducted a hearing on the motion. (ECF No. 91). On December 7, 2017,

Magistrate Judge granted the motion and ordered that the Form be processed without the investigator's Social Security number.[1] (ECF No. 93). Currently before the Court is Respondent's motion for reconsideration of the Magistrate Judge's December 7, 2017 ruling. (ECF No. 95).

If a party objects to a nondispositive pretrial ruing by a magistrate judge, the district court will review or reconsider the ruling under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 626(b)(1)(A); Fed. R. Civ. P. 72(a); Grimes v. City of San Francisco, 951 F.2d 236, 240–41 (9th Cir. 1991). A magistrate judge's factual findings or discretionary decisions are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. Security Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); McAdam v. State Nat'l Ins. Co., 15 F. Supp. 3d 1009, 1013 (S.D. Cal. 2014); Avalos v. Foster Poultry Farms, 798 F. Supp. 2d 1156, 1160 (E.D. Cal. 2011). This standard is significantly deferential. Avalos, 798 F. Supp. 2d at 1160. The district court "may not simply substitute its judgment for that of the deciding court." Grimes, 951 F.2d at 241; Avalos, 798 F. Supp. 2d at 1160. The "contrary to law" standard, however, allows independent review of purely legal determinations by the magistrate judge. See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992); Avalos, 798 F. Supp. 2d at 1160; Jadwin v. County of Kern, 767 F. Supp. 2d 1069, 1110–11 (E.D. Cal. 2011). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Avalos, 798 F. Supp. 2d at 1160; Jadwin, 767 F. Supp. 2d at 1011.

Respondent challenges the Magistrate Judge's order, which "purported to resolve an issue outside the core of habeas," because "this Court has no jurisdiction outside of 42 U.S.C. § 1983 to issue an order modifying a state warden's prison security procedures." (ECF No. 95 at 2). Petitioner has filed an opposition on the motion for reconsideration. (ECF No. 100). However, as the Magistrate Judge has explained, "Respondent misconstrues the issue at hand, which is not a direct claim for habeas relief. Rather, Petitioner is requesting the Court for an order to allow

---

[1] The Magistrate Judge noted that he was "only ordering that the application be processed and that if there is an issue as to actual clearance and/or entry into the prison facility that then the matter can be re-raised before the Court if the parties are in dispute." (ECF No. 93 at 4).

Petitioner to be interviewed by her counsel's investigator in aid of her habeas petition." (ECF No. 93 at 3). In so granting Petitioner's request, the Magistrate Judge relied on the All Writs Act, which allows a federal court "to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 40 (1985) (quoting United States v. N.Y. Tel. Co., 434 U.S. 159, 172 (1977)).  Although Supreme Court cases have described the authority under the All Writs Act in sweeping language, the Court recognizes that use of the All Writs Act is circumscribed to issuance of "writs necessary or appropriate in aid of" the Court's jurisdiction. 28 U.S.C. § 1651. Correspondingly, "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Pa. Bureau of Corr., 474 U.S. at 43. Courts have allowed the use of the All Writs Act as "a legislatively approved source of procedural instruments designed to achieve 'the rational ends of law.'" Price v. Johnston, 334 U.S. 266, 282, 68 S.Ct. 1049, 1058, 92 L.Ed. 1356 (1948) (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 273, 63 S.Ct. 236, 239, 87 L.Ed. 268 (1942)). These instruments extend to habeas corpus proceedings, and are appropriate to assist the courts in factual inquiries.  See Harris v. Nelson, 394 U.S. 286 (1969) (finding appropriate use of writ to allow petitioner to propound interrogatory); see also United States v. N.Y. Tel. Co., 434 U.S. 159 (1977) (approving writ instructing company to assist in facilitating installation of pen register pursuant to warrant) American Lithographic Co. v. Werckmeister, 221 U.S. 603 (1911) (approving writ for subpoenas duces tecum); Bethlehem Shipbuilding Corp. v. NLRB, 120 F.2d 126 (C.A.1st Cir. 1941) (approving order that certain documents be produced for the purpose of pretrial discovery).

Respondent relies heavily on Wright v. Shartle, 699 F. App'x 733 (9th Cir. 2017) (mem.). In Wright, the Ninth Circuit held that the petitioner's "claims that Bureau of Prisons officials have unconstitutionally prevented him from litigating his criminal conviction by seizing his mail and sanctioning him with the loss of phone, visitation, and email correspondence privileges . . . are not cognizable under section 2241 because they do not concern the manner, location, or conditions of his sentence's execution." Id. The Ninth Circuit found that "the appropriate remedy

3

for Wright's claims lies in a civil rights action under <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)." <u>Id</u>. However, the Court notes the habeas petition filed in <u>Wright</u> did not challenge his criminal conviction, but was instead aimed directly at his multiple disciplinary proceedings and his disciplinary segregation. (ECF No. 95-2 at 5–8; ECF No. 95-3 at 3–5). Therefore, <u>Wright</u> does not stand for the proposition—as asserted by Respondent—that "a challenge to a prison's limits on a petitioner's communication and visitation privileges were [*sic*] not cognizable in a habeas case *even though the prison's limitations were alleged to be hindering the habeas litigation*." (ECF 95 at 4) (emphasis added). Rather, <u>Wright</u> found that a challenge to a prison's seizure of mail and restrictions of communication and visitation privileges was not cognizable in a § 2241 habeas proceeding where the restrictions were alleged to prevent the petitioner from litigating his criminal conviction in a case *that had yet to be filed*.

      In the instant motion, brought within a § 2241 petition, Petitioner alleges that Respondent's refusal to process the Form is hindering her ability to litigate her habeas petition. Here, there is no statute that "specifically addresses the particular issue at hand," unlike <u>Pennsylvania Bureau of Corrections</u> (where the Supreme Court reversed because the habeas corpus statute specifically addressed the particular issue of transportation of state prisoners to the federal courthouse to testify) 474 U.S. at 43. Further, unlike <u>Wright</u>, Petitioner's initial habeas petition *does* attack her criminal conviction (an issue over which the Court most certainly has jurisdiction). In ordering Respondent to process the Form, the Magistrate Judge explicitly stated he was not determining the lawfulness of Respondent's visitor security clearance procedures. Instead, the Magistrate Judge found the specific facts of the case—the need for an investigator interview based on the special circumstances of Petitioner's case, the severity of her sentence, the voluminous state record, the public defender's need for an investigative interview, this specific investigator's previous experience of having had her social security number unlawfully disclosed, and the apparent availability of alternate procedures in processing the investigator's background check—necessitated the discretionary use of the Court's authority under the All Writs Act to order processing of the Form. <u>Harris</u>, 394 U.S. 286, <u>N.Y. Tel. Co.</u>, 434 U.S. 159.

The Court finds the Magistrate Judge's reliance on the All Writs Act neither clearly erroneous nor contrary to law. Grimes, 951 F.2d at 240-241.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion for reconsideration (ECF No. 95) is DENIED; and
2. The remainder of this case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   March 6, 2018                              _____
                                                    SENIOR DISTRICT JUDGE