1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11 LARISSA SCHUSTER,                        **Case No. 1:12-cv-01482-AWI-SAB**

12          Petitioner,                     **ORDER FOR**
                                            **SECOND HEARING**
13          v.                              **RE: CIVIL CONTEMPT**

14 JANEL ESPINOZA,

15          Respondent.

16

17          Petitioner, represented by counsel, is a state prisoner proceeding with a petition for writ of

18 habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate

19 Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On November 8, 2017, Petitioner moved for a court order directing Respondent to process an

21 attorney authorization form (the "Form") to permit Petitioner to be interviewed by counsel's

22 investigator without requiring the investigator to disclose her Social Security number on the Form.

23 *See* Doc No. 85.  The Magistrate Judge conducted a hearing on the motion, at which Respondent

24 objected to Petitioner's request on jurisdictional grounds.  Doc. No. 91.  On December 7, 2017, the

25 Magistrate Judge granted Petitioner's motion and ordered that the Form be processed without the

26 investigator's Social Security number.  Doc. No. 93.  On March 6, 2018, this Court denied

27 Respondent's motion for reconsideration based on Respondent's jurisdictional argument, and

28 ordered Respondent to comply with the Magistrate Judge's directive.  Doc. No. 101.

1

On March 16, 2018, Respondent filed a status report, stating she "respectfully submits that she cannot [process the Form without the investigator's social security number]." Doc. No. 104. Therein, Respondent stated that she was both legally and practically unable to comply, detailing her purported reasons for failing to do so. *Id.*

On March 23, 2018, Petitioner filed a "Proposed Order re order to show cause re: contempt," which this court treats as a request for a contempt hearing. Doc. No. 105. Therein, Petitioner contends that "Throughout the litigation of this issue, one fact stands out: respondent has never claimed, much less presented evidence to show, the investigator's social security number is required to run the background check or why the driver's license number is insufficient for the security clearance." *Id.* at p. 5.

The Court notes Respondent's inaction in complying with the Magistrate Judge's order to process the Form without the investigator's social security number. However, the Court also notes the Magistrate Judge's explicit statement in his initial order stating he was "only ordering that the application be processed[,] and that if there is an issue as to actual clearance and/or entry into the prison facility that then the matter can be re-raised before the Court if the parties are in dispute." Doc. No. 93, at p. 4. Since this issue has yet to be adjudicated, the Court will direct this case back to the Magistrate Judge to conduct the appropriate briefing, hearing and issuance of findings and recommendations as to whether the Form can be processed without the investigator's social security number. Of particular import to this Court are the questions of whether civil contempt is appropriate and another investigator can be sent to conduct the interview of Petitioner.

Accordingly, IT IS HEREBY ORDERED that this case is referred back to the Magistrate Judge to conduct the appropriate proceedings consistent with this order.

IT IS SO ORDERED.

Dated: ___March 28, 2018___     _____

                                                SENIOR  DISTRICT  JUDGE