# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARISSA SCHUSTER,<br><br>    Petitioner,<br><br>v.<br><br>JANEL ESPINOZA,<br><br>    Respondent. | Case No. 1:12-cv-01482-AWI-SAB-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 156) |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 23, 2019,[1] the Magistrate Judge issued Findings and Recommendation that recommended the first amended petition for writ of habeas corpus be denied. (ECF No. 156). This Findings and Recommendation was served on Petitioner and contained notice that any objections were to be filed within thirty (30) days of the date of service of the Findings and Recommendation. The Court subsequently granted two extensions of time to file objections. (ECF Nos. 157–160). To date, no objections have been filed, and the time for doing so has passed.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court concludes that

---

[1] The Findings and Recommendation was signed on December 20, 2019 and docketed on December 23, 2019.

1

the Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendation.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's federal habeas corpus petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued on December 23, 2019 (ECF No. 156) is ADOPTED;
2. The petition for writ of habeas corpus is DENIED;
3. The Clerk of Court is DIRECTED to CLOSE the case; and
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   September 10, 2020

SENIOR DISTRICT JUDGE